Bv the Court :
The indictment in this case is based upon section XY of the act of April 12, 1858, “to establish the independent treasury of the State of Ohio.” S. & C. 1610. That section provides “ That if any officer or other person charged with the collection, receipt, safe keeping, transfer or disbursement of the public money, or and part thereof, belonging to the State, or to any county, or township, or organized city or village in this State, shall convert to his own use * * * any portion of the public money * * * received, controlled or held by him for safe keeping, transfer or disbursement, * * * every such act shall be deemed and held in law to be an embezzlement of so much of the said moneys # * as shall be thus converted, used,” &c. We are of opinion that this provision embraces a township treasurer; and when the section is read, as it should be, in connection with section XX of the act of April 12, 1858, “ to provide for the better regulation of the receipt, disbursement and safe keeping of the public revenue,” (S. & C. 1602) making it the duty of the prosecuting attorney “to prosecute * * * all violations of this act or the act to establish the independent treasury of the State of Ohio * # * by the treasurer of the county or the treasurer of any township in the county,” there would seem to be no doubt but that the legislature intended that section XY of the latter act should embrace township treasurers.
It follows, therefore, that the common pleas erred in iffi holdings.